IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM H. DEVARY, JR., on behalf of B.D., a minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civ. No. 18-345-GMS |
| CECIL COUNTY COURTHOUSE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

**I.     INTRODUCTION**

The plaintiff, William H. DeVary, Jr. ("DeVary"), on behalf of B.D., a minor child, appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) DeVary filed this lawsuit on March 5, 2018. (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.    BACKGROUND**

DeVary is the father of B.D. He alleges that he filed a child abuse complaint against Jessica Gregg ("Gregg"), who appears to be the mother of B.D. A hearing in Delaware was set for December 7, 2017. On the same day, Gregg obtained a no contact order against DeVary in the State of Maryland. DeVary alleges there was no evidence of abuse to justify granting the no contact order. Gregg did not appear at the December 7, 2017 protection from abuse order ("PFA") hearing in Delaware.

DeVary was advised that Pennsylvania had legal jurisdiction of B.D. DeVary appealed the no contact order, and the appeal was denied. DeVary alleges that the no contact order keeps

B.D. in "severe emotional child abuse." He alleges that the Maryland order has stopped him from getting B.D. the help he badly needs.

For relief DeVary seeks $500 million in compensatory damages and the enactment of a law "that once a CPS complaint is filed, all states know that CPS are looking for them" and a "law that a no contact order cannot keep a child in abuse." (D.I. 2 at 7).

### III. STANDARD OF REVIEW

Federal district courts, as courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of the case. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993). In addition, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### IV. DISCUSSION

Initially, the court notes that in the federal courts of the Third Circuit, parents cannot represent their children *pro se*. Indeed, it is well-established that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court. *See J.R. v. Lehigh Cnty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (unpublished); *but see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (because parents enjoy rights under the IDEA, they are entitled to prosecute IDEA claims on their own behalf). It appears that DeVary intends to assert claims on behalf of his son. Although litigants can act as their own counsel under 28 U.S.C. § 1654, the statute does not authorize non-attorneys to represent the interests of others in the litigation, such as, a non-

attorney parent representing a child. *See Osei -Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

Liberally construing the complaint, DeVary seems to allege that he was injured by the Cecil County Courthouse when the mother of B.D. sought, and was given, a no contact order against him. DeVary states diversity of citizenship as a basis for jurisdiction. (D.I. 2 at ¶ II.)

The sole defendant is the Cecil County Courthouse in Elkton, Maryland. DeVary is a citizen of the State of Delaware. The complaint indicates that the Cecil County Courthouse is located in the State of Maryland. Following the reasoning of the Third Circuit in *Benn v. First Judicial Dist. of Pa.*, the court concludes that the Cecil County Courthouse is a state entity. *Benn*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity).

It is well established that a state is not considered a citizen for purposes of diversity jurisdiction. A suit between a state and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction and federal courts have no jurisdiction over such matters unless they "arise[ ] under the Constitution, laws or treaties of the United States." *State Highway Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929); *see also Harris v. Pennsylvania Tpk. Comm'n*, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969) ("Since neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction, a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity jurisdiction does not exist.").

There is no diversity between the parties for purposes of federal jurisdiction. Therefore, the complaint will be dismissed for lack of jurisdiction.

## V. CONCLUSION

For the reasons discussed, the court will dismiss the complaint for lack of jurisdiction.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____May 29_____, 2018
Wilmington, Delaware